ISSUED TO ATTORNEY

FILED

2007 MAR -5 PM 12: 42

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

## UNITED STATES DISTRICT COURT
## (NORTHERN DISTRICT OF OHIO)

Case No.: **07 CV 00639**

JUDGE DAVID A. KATZ

**SLOTMETRIX ENTERPRISES**
Sylvania, Ohio

and

**GREGORY ZILBA**
Sylvania, Ohio

  Plaintiffs

  vs.

**COMPLAINT (WITH JURY
DEMAND)**

**KODIAK GAMING VENTURES,
L.L.C**
One Atlantic Center (Suite 2200)
Atlanta, Georgia

and

**JOSEPH HIGHT**
One Atlantic Center (Suite 2200)
Atlanta, Georgia

and

**JOHN DOE**

and

**JAMES DOE**

  Defendants

Now come the Plaintiffs and for their complaint and respective causes of action against the Defendants and sets forth the following:

## FIRST CAUSE OF ACTION

1.     Plaintiff, Gregory Zilba, is a citizen of the United States residing at Sylvania, Ohio in this court's jurisdiction. Plaintiff Slotmetrix Enterprise, Inc. is a corporation of Georgia with its principal place of business in Ohio.

2.     Jurisdiction of this Court is invoked pursuant to 28 USC Section 1331, 28 USC section 1391 and other provisions of the United States Code including 28 USC Sections 1343, 2343, and other provisions of Federal Law.

3.     Defendant Kodiak Gaming Ventures, L.L.C. (Defendant Kodiak) is a corporation of Georgia and Defendant Joseph Hight (Defendant Hight) is a resident of Georgia.

4.     The events set forth herein occurred in significant part in this court's jurisdiction.

5.     Plaintiff Gregory Zilba is presently involved in the business of developing and selling gaming devices and programs and delivering such products in the United States of America for sale and usage therein, including areas in this court's jurisdiction. Plaintiff has developed several gaming devices and software program features for game formats and devices involving a variety of specific card games or other card games including Texas hold-em poker; said product being marketed from this court's jurisdiction to all parts of the United States. Said game programs and gaming devices were first originated by Plaintiff Zilba. Plaintiff Zilba originated such idea while Plaintiff

Zilba was affiliated with Plaintiff Slotmetrix. No other individuals were involved with the substantial origination of such idea or concern.

6. The said gaming device and program developed by Plaintiffs Zilba and Martin has been continuously used by Plaintiff Zilba or his predecessors in the marketing of said product since 1999 in the continental United States.

7. The said original and distinctive product of Plaintiff Zilba has been known in the trade and public as the "Game Warrior," and the product therein has for many years been identified under such trademark..

8. Said tradename and the distinctive conformation of the Plaintiffs' gaming device have been extensively advertised, displayed, identified and distinguished by said name and trademarks or configuration is nationally distributed on a broad scale.

9. Plaintiffs' trademark is well known in the gaming industry, and it symbolizes a valuable goodwill throughout the United States.

10. The substantial and valuable goodwill symbolized by Plaintiffs said name and trademark is the property of Plaintiff.

11. Defendants are marketing a gaming device and related program which is a simulation and copy of the said original and distinctive product that identifies and is similar to Plaintiff's product and symbolizes Plaintiff's goodwill.

12. Defendants have copied, and is using in the marketing of its goods, the trade design of Plaintiff's products by simulating plaintiff's tradename and design features of Plaintiff's gaming device.

13. Defendant's use in commerce of the reproduction, counterfeit, copy and colorable imitation of Plaintiff's gaming device in marketing of its product is likely to

cause confusion, mistake and deception and is an infringement of Plaintiff's said trademark and product design.

14. Defendants' use in commerce of the word "Game Warrior" as a trademark for its products is a colorable imitation and infringement of Plaintiff's trademark, which is likely to cause confusion, mistake and deception as to Plaintiff's said products.

## SECOND CAUSE OF ACTION

15. Plaintiffs incorporate all the allegations of their first cause of action if fully rewritten herein.

16. Defendants' use in commerce of a simulation and copy of Plaintiffs' gaming device in marketing its products constitutes unfair competition as to Plaintiffs.

17. Defendant's use in commerce of such trademarks as stated above for its products is a simulation and copy of Plaintiff's trademark constitutes unfair competition with Plaintiff.

18. Defendants' acts complained of herein are likely to cause the public falsely to assume that Plaintiff has approved or is sponsoring Defendant's product or that there is a trade connection between Plaintiffs and Defendants.

19. Defendants' acts complained of herein constitute a misappropriation of Plaintiff's property in its goodwill symbolized by Plaintiff's trademarks.

20. Defendants' acts complained of herein constitute a dilution of the distinctive quality of Plaintiffs' trademarks.

21. Defendants' acts complained of herein place are damaging to Plaintiff's property and rights, and such damage will be irreparable unless such acts, and all of them, are restrained and enjoined, preliminarily and perpetually from said acts.

22. Therefore Plaintiffs request that Defendant, its officers, agents, servants, employees, attorneys and related companies and those persons in active concert or participation with any of them, be restrained and enjoined, preliminarily and perpetually from using Plaintiffs' trademarks, trade dress, or Plaintiffs' products, as follows:

a. Using, in the marketing and/or advertising of its goods, a reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademark.

b. Using, in the marketing and/or advertising of its goods any word or symbol or any other colorable imitation of Plaintiffs' trademark.

c. Using, in the marketing and/or advertising of its goods a simulation, copy or imitation of Plaintiff's distinctive game station.

d. Performing or doing, in the marketing and/or advertising of its goods, any other act which would be likely to cause the public to assume that Plaintiff is approving or sponsoring Defendants' goods or that some kind of trade connection exists between Plaintiff and Defendant.

e. Plaintiffs request that all labels, signs, prints, packages, wrappers, receptacles, advertisements, catalogs, name plates and products in the possession, custody or control of defendant and all plates, molds, matrices, dies and other means of making the same, which might, if used, violate the injunction herein granted, be delivered up and destroyed as the Court shall direct.

f. Plaintiffs request that Defendants be required to account to Plaintiff for any and all profits derived by it, and all damages sustained by Plaintiff, by reason of the acts of infringement and unfair competition hereinabove complained of and that such damages be trebled.

g.  Plaintiffs have and recover the costs and disbursements of this civil action, including a reasonable attorney's fee.

h.  Plaintiffs have such other and further relief as to the Court may seem just and equitable.

i.  Plaintiffs request that defendant, its officers, agents, related companies, successors and assigns, and all others in active concert or participation with defendant be, and the same hereby are, permanently enjoined from using Plaintiffs' trademark and tradenames.

j.  Plaintiffs request an order barring Defendants from using, in the marketing and/or advertising of its goods, a reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademark.

k.  Plaintiffs request an order barring Defendants from performing or doing, in the marketing and/or advertising of its goods, any other act which would be likely to cause the public to assume that Plaintiffs are approving or sponsoring Defendants' goods or that some kind of trade connection exists between Plaintiff and Defendant.

## THIRD CAUSE OF ACTION

23.     Plaintiffs incorporate by reference all the allegations of their first two causes of action as if fully rewritten herein.

24.     Plaintiff states that said Defendants through its agents in 2006 - 2007, have made statements to third persons, without privilege to do so, that Plaintiffs were unethical in their business practice, had no property rights to their inventions, and have not performed their work in compliance with application standards, and have interfered with Defendants ability to conduct their business.

25.     As a direct and proximate result of said false statements by Defendants, Plaintiff has been damaged by loss of business opportunities, embarrassment in the gaming industry, loss of esteem, emotional upset, attorney fees and other losses in the total amount of nine hundred and eighty thousand dollars ($980.000.00) for which amount Plaintiffs are entitled to Judgment against said Defendants.

## FOURTH CAUSE OF ACTION

26.     Plaintiffs incorporate by reference all the allegations of their first three causes of action.

27.     On or about 2006, Defendants have retained agents or employees for obtaining business for Defendants, from Plaintiffs existing clients.

28.     Thereafter, Defendants continued improperly to seek business with Plaintiffs' existing customers.

29.     Defendant Kodiak had possession of various confidential materials pertaining to the business of Plaintiff including its records containing the names and addresses of persons doing business with Plaintiffs in the areas regularly serviced by Plaintiffs.

30.     Defendants continued to attempt to take customers from Plaintiffs up to 2007.

31.     Since becoming associated with Defendants, and continuing until the present time, Defendants John Doe and Defendant James Doe and other former employees of Defendants, have been calling upon customers of Plaintiff for the purpose of inducing such customers to cease doing business with Plaintiffs and do business with Defendants.

32.     By virtue of the conduct engaged in by Defendants Kodiak, and other Defendants and other former agents of Defendants as set forth, a substantial number of Plaintiff's customers have ceased doing business with Plaintiffs.

33. Defendants Kodiak and other Defendants, with full knowledge of the aforementioned facts, has directed, induced and participated in the conduct referred to hereof.

34. The acts of Defendants and other former agents of Defendants, have caused serious harm and injury to Plaintiffs, and have injured Plaintiffs' good will and relations with customers, which has resulted in loss of business to Plaintiffs, all in an amount in excess of $1,000,000.00.

35. Plaintiff has no adequate remedy at law to protect itself from the Defendants' violations of its rights, which violations are continuing and will continue, and Plaintiff is being subjected to immediate and irreparable harm by said conduct if not restrained or enjoined by the court.

## FIFTH CAUSE OF ACTION

36.     The allegations of all paragraphs set forth above are incorporated herein by reference.

37.     The acts and practices of Defendants and other former agents of Defendants in soliciting customers of Plaintiffs to cancel their contracts with Plaintiffs or to let their contracts lapse with Plaintiffs and to enter into contracts with Plaintiff, and the same following such solicitation, constitute a continuing attempt by Defendants to accomplish the following:

(a)     To induce Plaintiffs' customers to breach their agreements with Plaintiffs;

(b)     To induce Plaintiffs' customers to refuse to deal with Plaintiffs.

38.     The acts and practices of Defendants in soliciting Plaintiffs' customers for the purpose of inducing such customers to cancel, forfeit or let their contracts with Plaintiff lapse constitute a successful and continuing attempt by each of them to make use of confidential information of Plaintiff to the harm of Plaintiff.

39.     The foregoing acts of Defendants and other former agents of Plaintiffs constitute unfair and improper methods of competition as to Plaintiffs.

40.     The aforesaid damage and injury to Plaintiffs are continuing, irreparable, and cannot be adequately compensated by law. Such damages are in excess of $500,000.00, exclusive of interest and costs.

## SIXTH CAUSE OF ACTION

41. The allegations of all the above paragraphs of this complaint are incorporated herein by reference.

42. On and after 2006, and continuing to the present time, Defendants Kodiak, with full knowledge of the fact that Defendant Hight formerly was performing services for Plaintiffs as agents of Plaintiffs, solicited, induced and directed Defendant Hight to violate his agency agreements with Plaintiff.

43. On or after 2006, and continuing to the present time, Defendants have also induced, or attempted to induce, other agents of Plaintiff to violate their employment agreements with Plaintiff Slotmetrix much in the same manner as Defendants.

44. On and after 2006, and continuing to the present time, Defendant has induced, or attempted to induce, employees of Plaintiff to violate their employment agreements with Plaintiff by making false statements about Plaintiff and the manner in which Plaintiffs manages its business affairs for the purpose of inducing such employees to terminate their employment with Plaintiff Slotmetrix and become agents of Defendants to the continuing harm of Plaintiffs.

45. Both prior and subsequent to 1999, and continuing to the present time, Defendants have solicited persons who were employees of Plaintiff Slotmetrix and Plaintiff Zilba to become employees of Defendants for the purpose of causing such employees to induce customers of Plaintiff to terminate their contracts with Plaintiff or to cancel such constraints with Plaintiff and a number of such employees have in fact become employees of Plaintiff who have induced customers of Plaintiff heretofore serviced by such employees to let their contracts with Plaintiff lapse.

46.     By virtue of its aforesaid actions, Defendants have caused great injury to Plaintiff and its good will, has unfairly acquired confidential trade secrets and information of Plaintiff, including Plaintiffs' lists of customers and product data and has profited by such unfair and improper appropriation of information and solicitation of such customers.

47.     The foregoing acts of Defendants constitute a successful and continuing attempt by Defendants to acquire and make use of confidential business information of Plaintiff Slotmetrix.

48.     The foregoing acts of Defendants constitute a successful and continuing attempt by Defendants to interfere with the business relationships of Plaintiff with its customers.

49.     The foregoing acts of Defendants constitute unfair and improper methods of competition.

50.     The aforesaid damage and injury to Plaintiffs are continuing and irreparable, and cannot be adequately compensated by law. Such damages are in excess of $500,000.00, exclusive of interest and costs.

## SEVENTH CAUSE OF ACTION

51. The allegations of all prior paragraphs of this complaint are incorporated herein by reference.

52. On or about 2006, and continuing to the present time, Defendants and others have entered into and have maintained an unlawful conspiracy to injure and damage Plaintiffs in the manner and by the means set forth in the first, second, third, fourth and fifth causes of action.

53. Plaintiff has been severely injured in its business and property by the aforesaid conspiracy among Defendants Kodiak, Defendant Hight, and other Defendants, and such injury is continuing, is irreparable, and cannot be adequately compensated by law. Such damages are in excess of $500,000.00 exclusive of interest and costs.

54. Consequently, Plaintiffs state that Defendants be enjoined preliminarily during the pendency of this action, and permanently thereafter, from:

a. Soliciting or selling, or attempting to solicit or offer for sale, for itself or on behalf of any other persons or entity, including Defendant, any form of game format similar to Plaintiffs;

b. Directly or indirectly, for himself or any other person or entity, including Defendant, soliciting, diverting, taking away any business of Plaintiff by soliciting or inducing Plaintiffs' customers to lapse, forfeit, or surrender their contracts with Plaintiff with any other person or entity, including Defendant;

c. Collecting on behalf of Defendant Kodiak or any other person or entity, including Defendants friends from or from persons who were contracted by Plaintiff, and who were solicited or induced by Defendants to cease doing business with Plaintiffs

55. Plaintiffs state that Defendant Kodiak and Defendant Hight should be preliminarily enjoined during the pendency of this action and permanently thereafter, from the following:

(a) Directing, inducing or employing any other person to perform any of the acts from which Defendants Kodiak and Hight be enjoined by paragraphs hereof;

(b) Inducing or attempting to induce, either directly or indirectly, any customer of Plaintiffs to ceasing doing business with Plaintiffs;

(c) Inducing or attempting to induce, either directly or indirectly, any present or former employee of Plaintiff to break his or her agreement with Plaintiff, or to induce said persons to act as employees, agents, brokers, advisors or consultants to Defendants, or to induce, employ or direct any such persons to divulge to Defendants;

(d) Utilizing in any way any lists of names and addresses of customers, sales methods or other confidential information of Plaintiff Slotmetrix which are or have been in the knowledge of or possession of Defendants;

(e) conspiring against, or unfairly competing with Plaintiff Slotmetrix, or conspiring to injure Plaintiff, or from unfairly competing with Plaintiff, or conspiring to unfairly compete with Plaintiff by inducing breaches of agency contracts or arrangements by the agents of Plaintiff or by interfering with the business relationships of Plaintiff with its customers, or selling to or soliciting or attempting to solicit or sell to the customers of Plaintiff by use of any confidential information, including sales methods and lists of customers acquired from agents or former agents of Plaintiff.

15

56.    Plaintiffs state that Defendants should be directed to return to Plaintiff Slotmetrix all written confidential information of Plaintiff, including confidential product data, customer lists, which are in the possession of Defendants.

57.    Plaintiffs state that judgment be entered in favor of Plaintiff and against Defendants for damages for all injury to Plaintiff by reason of the acts set forth herein.

58.    Plaintiffs state that Defendants should be ordered to account to Plaintiff for all profits obtained from sales of gaming machines, and for profits from sales to customers of Plaintiff obtained by the use of any confidential sales information, methods of Plaintiff or by reason of information obtained from or the acts of agents or former agents of Plaintiff.

59.    Plaintiffs state that Defendants should be ordered to account to Plaintiff for all commissions or profits received by Defendants by reason of Plaintiff's products.

60.    Plaintiffs state that punitive damages should be imposed upon Defendants Kodiak and Hight for their conduct as aforesaid.

61.    Plaintiffs state that costs of this action should be assessed against defendants.

62.    Plaintiffs state that Plaintiffs should be granted such other and further relief as may be deemed just and proper.

## EIGHTH CAUSE OF ACTION

63.     Plaintiffs incorporate by reference all the allegations of his first seven causes of action as if fully rewritten herein.

64.     Plaintiffs state that Defendants have made defamatory and false statements to third persons that Plaintiffs did not own the intellectual property in their gaming stations as stated. Said actions comprised defamation per se, causing damage to Plaintiff in the amount of $785,000.00.

65.     Plaintiffs state that Defendants made such statements intentionally, maliciously and with reckless disregard for the truth.

66.     By reason of such statements, Plaintiff sustained losses in the amount of $785,000.00 for which Plaintiffs are entitled to judgment.

67.     By reason of the foregoing, Plaintiffs are entitled to an award of punitive damages.

## NINTH CAUSE OF ACTION

68.    Plaintiffs incorporate by reference the allegations of their first eight causes of action.

69.    The Defendants represented to the Plaintiff Jeffrey Zilba that it would honor Plaintiff's intellectual property and inventorship in its game station and device as described in all above causes of action.

70.    The Defendants knowingly represented to the Plaintiff Jeffrey Zilba has ownership in such game station.

71.    The Defendants made the representations referred to above knowingly, and have acted contrary to such representations by now claiming ownership in such invention, representing such to others in relevant business areas.

72.    By reason of such actions of Defendants, Plaintiffs have been damaged in the sum of $1,785,000.00, plus interest.

73.    By reason of the willful, malicious and fraudulent conduct of the Defendants, Plaintiff seeks the further sum of $100,000.00 in punitive damages from the Defendants.

## TENTH CAUSE OF ACTION

74.     Plaintiffs incorporate by reference all the allegations of all prior causes of action.

75.     By virtue of the conduct engaged in by Defendants and other agents of Defendants as set forth, a substantial number of Plaintiffs' customers have permitted their contracts with Plaintiff to lapse.

76.     Defendants Kodiak and Hight, with full knowledge of the aforementioned facts, has directed, induced and participated in the conduct referred to herein.

77.     The acts of Defendants in violation of the aforesaid statute, have caused serious harm and injury to Plaintiffs, and have injured its goodwill and relations with its customers, which has resulted in loss of business to Plaintiff.

78.     Plaintiff has no adequate remedy at law to protect itself from the defendants' violations of its rights and of the aforesaid statute, which violations are continuing and will continue, and Plaintiff is being subjected to immediate and irreparable harm by said conduct.

79.     Moreover, on information and belief, plaintiff alleges that defendants have combined, contracted and conspired to restrain trade and commerce, have monopolized, or attempted to monopolize and conspired to monopolize trade and commerce in the gaming products described herein in this district and elsewhere, all in violation of Sections 1 and 2 of the Sherman Act.

80.     Specifically, beginning in or about 2006, and continuously thereafter, Defendants and their co-conspirators, formed and entered into a conspiracy for the agreed aim and purpose of putting their competitors, including Plaintiffs, out of business, of

weakening such competitors, of destroying, eliminating and weakening existing and potential competition, and of monopolizing applicable business.

81. In order to accomplish the purposes of the conspiracy, and pursuant to agreement, the Defendants have combined and committed their financial and other resources and utilized such resources to engage in the activities set forth herein.

82. In order to accomplish the purposes of the conspiracy, the Defendants have agreed jointly to carry out a consistent, systematic, and uninterrupted program of instituting judicial proceedings or actions against Plaintiffs and that as a proximate result thereof Plaintiffs have been damaged in the total amount in excess of $1,000,000.00, for which Plaintiff is entitled to judgment against Defendants.

## ELEVENTH CAUSE OF ACTION

83. Plaintiff incorporates by reference all the allegations if their first ten causes of action as if fully rewritten herein.

84. Beginning in or about 2006, the exact date being unknown to the Plaintiffs, and continuing up to and including the date of filing of this Complaint, Defendants have engaged in an unlawful acts in unreasonable restraint of interstate trade and commerce, in an unlawful combination and conspiracy or by itself to monopolize interstate trade and commerce, have attempted to monopolize and/or has monopolized interstate trade and commerce in the manufacture, distribution and wholesale gaming devices and programs in the relevant geographic market products, in violation of Sections 1 and 2 of the Act of Congress of July 2, 1890, entitled "An Act to Protect Trade and Commerce Against Unlawful Restraints and Monopolies" as amended, 26 Stat. 209, U.S.C., Sections 1 and 2, commonly known as the Sherman Anti-Trust Act (as well as other provisions of federal law and the United States Code), in an attempt to maintain a dominant market share in the sale of crushed ice.

85. The violations herein before alleged have had the effect, among others, to deprive consumers of the benefits of competition.

86. As a direct and proximate result of said actions, Plaintiffs has been damaged in excess of the amount of one million seven hundred seven thousand dollars ($1,707,000.00) for which amount Plaintiffs are entitled to judgment against Defendants.

## TWELFTH CAUSE OF ACTION

87.     Plaintiffs incorporate by reference all the allegations of its first eleven causes of action as if fully rewritten therein.

88.     Plaintiffs are engaged in the business of manufacturing and gaming devices.

89.     Plaintiff states that in January 2006, Defendants commenced operations of its existing business of manufacturing and selling gaming devices and otherwise in the United States. Defendants are engaged in the same business as Plaintiffs and operates in interstate commerce in various states including northwest Ohio.

90.     Plaintiffs state that shortly after it commenced doing business in said described geographic area, Defendants through its agents, including Defendants John Doe contacted various customers of Plaintiffs and interfered with existing contractual relations between Plaintiffs and such customers of Plaintiffs, by disparaging Plaintiffs, offering said customers improper and illegal price incentives and other acts of contractual interference, all to the detriment and loss of Plaintiffs.

91.     As a direct and proximate result of such actions, Plaintiffs lost existing or prospective customers and customer business in an amount of over five hundred thousand dollars ($500,000.00) for which amount Plaintiffs are entitled to judgment against Defendants.

92.     By reason of the intentional acts of Defendants, Plaintiffs are entitled to an award of punitive damages.

93.     Plaintiffs state that unless said actions of Defendant are enjoined, Plaintiffs will sustain irreparable harm for which it has no adequate remedy at law.

## THIRTEENTH CAUSE OF ACTION

94.     Plaintiffs incorporate by reference all allegations of its first twelve causes of action as if fully rewritten herein.

95.     Plaintiff states that in 2006 Defendants (through its agents) intentionally made false statements to third parties that Plaintiffs were not equipped to handle its business, and would not be in business very long, among other false statements. Said statements were made intentionally by Defendants with malice or with reckless disregard for the truth. As a direct and proximate result of such statements having been made by Defendants, Plaintiff sustained loss of business and other losses in the total amount of over one million dollars ($1,000,000.00) for which amount Plaintiffs are entitled to judgment against Defendants herein.

96.     By reason of the intentional acts of Defendants, Plaintiffs are entitled to an award of punitive damages.

97.     Plaintiffs state that unless said actions of Defendant are enjoined, Plaintiffs will sustain irreparable harm for which it has no adequate remedy at law.

## FOURTEENTH CAUSE OF ACTION

98. Plaintiffs incorporate by reference all the allegations of his first thirteen causes of action as if fully rewritten herein.

99. Beginning some time before 2006 and continuing thereafter to present, the exact dates are unknown to the Plaintiff, the Defendants Kodiak and Hight engaged with others in an unlawful combination and conspiracy in unreasonable restraint of the aforesaid interstate trade and commerce in gaming products in violation of Section 1 of the Act of Congress of July 2, 1890, as amended (15 USC Section 1) commonly known as the Sherman Act. The said combination and conspiracy consisted of a continuing agreement with others and concert of action among the Defendants and said others to raise, fix, stabilize, or maintain the prices of gaming devices.

100. In formulating and effectuating the stated actions, the Defendants Kodiak and Hight, and said others consummated same combined and conspired to do, including, among other things, the following:

 (a) disparaging Plaintiffs and their products;

 (b) interfering with Plaintiffs' existing customers in the market area of relevance;

 (c) confronted others with business practices seeking to monopolize the relevant product market.

101. Said actions of Defendants resulted directly and proximately in the following adverse competition effects in the sale of gaming devices:

(a)     discouraged and prevented competition in the sale of gaming

devices, including Plaintiff from selling at wholesale gaming devices products to others

at a reasonable price established by market competition;

(b)     obtained high, arbitrary and unreasonable prices for the sale of

wholesale gaming devices in interstate trade and commerce or in some cases obtained or

set prices at lower than existing market or at unprofitable levels to ward off competition,

or otherwise set prices at artificial levels;

(c)     said acts prevented or frustrated open and free competition.

## FIFTEENTH CAUSE OF ACTION

102.    Plaintiffs incorporate by reference all the allegations of its first fourteen causes of action as if fully rewritten herein.

103.    This complaint is filed and these proceedings are instituted under Section 4 of the Act of congress of July 2, 1890, c. 647, 26 Stat. 209, as amended, entitled "An Act to Protect Trade and Commerce Against Unlawful Restraints and Monopolies," and Act being commonly known as the "Sherman Act," against the defendants named herein in order to prevent and restrain violations by them of Sections 1 and 2 of said Act.

104.    Defendants, during all times herein before referred to, though, or by means of the provisions of said contracts, the term or duration thereof, has caused the following results in the relevant market area.

(a)    eliminating competition from the relevant market;

(b)    potentially setting prices of gaming products at wholesale or otherwise at artificial levels;

(c)    depriving customers of gaming products of a free market pricing system;

(d)    securing to Defendants a monopoly of gaming devices at issue in the relevant market area;

(e)    precluding Plaintiff from competing in the relevant market under competitive conditions.

105.    As a result of said actions, Plaintiff lost revenue in excess of one million dollars ($1,000,000.00) and other losses for which it is entitled to judgment against Defendants.

## SIXTEENTH CAUSE OF ACTION

106.    Plaintiff incorporates by reference all the allegations of its first fifteen causes of action as if fully rewritten herein.

107.    Defendants Kodiak acquired or purchased other gaming device companies. After acquiring control of said companies, Defendants contracted, combined or conspired to restrain trade in the sale of gaming devices. The intent, object or purpose of such combination or conspiracy and the individual Defendants is to raise or stabilize the price for gaming devices and others similarly situated from the business or substantially reducing Plaintiffs' ability to compete with Defendants.

108.    Defendants Kodiak commenced at least in 2006 and thereafter the following actions:

(a)    Defendants have maligned Plaintiff's business to Plaintiff's existing customers stating that Plaintiff may not be able to last in the market and these statements have damages Plaintiff's reputation.

(b)    Defendants have caused actions to discourage Plaintiff's customers and prospective customers from obtaining products from Plaintiff and Defendants have entered into the contract, combination and conspiracy for the benefit of Defendants.

109.    By engaging in the above described conduct, Defendants have violated 15 USC Section One, and other relevant provisions of Federal and Ohio Law. Which prohibit combinations or conspiracies in restraint of trade, which actions have constituted an unreasonable restraint of trade per se, and which actions have directly and proximately resulted in the loss of revenue, profit, business and business reputation to Plaintiffs all in

an amount in excess of one million dollars ($1,000,000.00) for which amount Plaintiffs are entitled to judgment against Defendants.

## SEVENTEENTH CAUSE OF ACTION

110.    Plaintiffs incorporate by reference all the allegations of its first sixteen causes of action as if fully rewritten herein.

111.    On or about 2006 and thereafter, Plaintiffs commenced business relationships with third parties, which contemplated the sale of gaming devices, whereby Plaintiff had a reasonable expectation of business profits of over one million dollars ($1,000.000.00).

112.    On or about 2006 and at all times relevant to this action, said third parties were independent entities, unaffiliated with either Plaintiff or Defendant.

113.    On or about 2006 and 2007 during the time Plaintiff was negotiating with the third parties or had contracts with said third parties, Defendants began a course of conduct consisting of: disparaging Plaintiff's business and to do business with Defendants Kodiak. These activities by Defendants were intended to disrupt Plaintiffs' relationship with the third parties and which in fact did disrupt that relationship in some cases.

114.    In engaging in the conduct described above, Defendants intended to impair or destroy Plaintiffs' business relationship selling gaming devices with the third parties, thereby destroying Plaintiffs' expectancy of economic gain. Defendants engaged in interfering conduct with malice toward Plaintiffs and a desire to injure Plaintiffs economically, and with wantonness and disregard of Plaintiffs' rights. Defendants' conduct was improper, unlawful, and unfair, in that Plaintiffs were defamed, interfered with contractual relations, and other acts of unfair competition.

29

115.    The conduct engaged in by Defendant and described above was the proximate cause of the loss or impairment of Plaintiff's business relationship with the third parties, which resulted in the Plaintiff's loss of the expectancy of economic gain, all in an amount in excess of one million six hundred thousand dollars ($1,600,000.00), for which amount Plaintiffs are entitled to judgment against Defendants.

116.    As a result of the impairment or loss of Plaintiff's business relationship with the third parties, Plaintiff suffered a loss of the economic expectancy arising from the relationship, including damages in the form of lost profits.

117.    Defendants were not justified or privileged to engage in the conduct described in above paragraphs, which resulted in the impairment or loss of Plaintiff's business relationship with said third parties.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.   Judgment for damages in excess of $1,800,000.00.

b.   Preliminary and permanent injunctive relief barring Defendants from interfering with Plaintiff's contracts or prospective advantages with Plaintiff's customers or prospective customers and from disparaging Plaintiff and from discriminating against Plaintiff in price the relevant geographic area and barring Defendants from any actions as described above and other injunctive relief consistent herewith.

c.   Judgment for attorney's fees and costs herein.

d.   An award of treble damages or punitive damage as to each cause of action herein as provided under Ohio and Federal law.

e.   An order granting Plaintiff an accounting as to its sales and profits of Defendants in the relevant geographic market.

f.   An award of punitive damages.

g.   That the court declares and adjudge that Defendants have violated Sections 1 and 2 of the Sherman Act.

h.   That a preliminary injunction issue enjoining Defendants and its officers, directors, servants, employees and attorneys and all other persons in active concert or participation with any of them from selling gaming devices under private labels at a lesser price than under Defendant's own brand or any other proprietary brand of Defendant.

i.   That upon entry of a final decree, the preliminary injunction be made perpetual.

j.   That the Court determine the amount of damages to its business or property Plaintiffs shall have suffered prior to the issuance of a final decree by virtue of Defendants' unlawful acts and render judgment against it in favor of Plaintiffs for three times the amount thereof, as provided for in those counts under the United States Code.

k.   That Defendants be required to pay to Plaintiffs the costs of this action, including a reasonable attorneys' fee.

l.       Other and further legal and equitable relief to which Plaintiffs may be entitled to herein.

Slotmetrix, Inc.

Jeffrey Zilba
Plaintiff

Jeffrey Zilba
President

George R. Royer
Attorney for Plaintiffs

Zilba II – Slot Zilba v Kodiak Complaint